**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| Black Diamond Mining Company, LLC, et al. | ) | Case Nos. 08-70066, 08-70067 and |
| | ) | 08-70069 through 08-70073 |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Judge Thomas H. Fulton |
| | ) | |

**APPELLANT'S STATEMENT OF ISSUES ON APPEAL**

In accordance with Federal Rule of Bankruptcy Procedure 8006, the undersigned Appellant hereby designates the following issues to be presented on appeal pursuant to her Notice of Appeal of the Court's *Order: (1) Denying the Motion Contesting the A&M Parties' Fifth Fee Statement brought by Taft A. McKinstry, in her capacity as Trustee (the "Trustee") of the BD Unsecured Creditors Trust and the Trustee's Objection to the Reasonableness of the A&M Parties'*[1] *Fees and Expenses; and (2) Entering the Bankruptcy Court's* Sua Sponte *Order in this Matter as well as Adversary Proceeding No. 11-7010 [DE 2212] (the "Fee Order").*

1. Whether the Bankruptcy Court erred in denying the Trustee's Motion Contesting the A&M Parties' Fifth Fee Statement (the "Fee Motion").

2. Whether the Bankruptcy Court erred in overruling the Trustee's Objection to the Reasonableness of the A&M Parties' Fees and Expenses (the "Fee Objection").

3. Whether the Court's denial of the Fee Motion and the Fee Objection is inconsistent with its appointment of a fee examiner to determine the unreasonableness of the A&M Parties' fees and expenses.

---

[1] The "A&M Parties" are Ira Genser, Larry Tate, and Alvarez & Marsal North America, LLC ("A&M").

1

4. Whether the Bankruptcy Court erred in ruling that the Trustee must reimburse the A&M Parties for legal fees calculated at the prevailing Philadelphia, Pennsylvania market hourly billing rates under the July 22, 2009 Settlement Agreement between the Trust, A&M, and the Debtors' Official Committee of Unsecured Creditors (the "Settlement Agreement"), which only requires payment of "reasonable" legal fees and expenses.

5. Whether the Bankruptcy Court erred in finding that, pursuant to the Settlement Agreement, the Trustee must reimburse the A&M Parties' attorney's fees incurred in defending against the Trustee's claims in the adversary proceeding at rates that far exceed the prevailing market rates in Kentucky, where this case is venued.

6. Whether the Bankruptcy Court erred in concluding that the A&M Parties had met their burden to prove that their decision to pay legal fees in excess of the prevailing market rates in Kentucky was reasonable.

7. Whether the Bankruptcy Court erred in failing to rely on evidence that Kentucky attorneys could have and would have defended the A&M Parties at hourly billing rates more consistent with the relevant market.

8. Whether the Bankruptcy Court erred in finding that it was uncontested that the A&M Parties' Philadelphia counsel had a long-standing relationship with the A&M Parties, when there was no evidence in the record that supported this position, and the Trustee did contest the existence of such a relationship.

9. Whether the Bankruptcy Court erred in holding that the amount of the Trustee's claimed damages justifies requiring her to pay the legal fees of two law firms representing the A&M Parties, one of which is located in Philadelphia,

Pennsylvania and has significantly higher hourly billing rates than the prevailing market rates in Kentucky.

10. Whether the Bankruptcy Court erred in failing to consider that the A&M Parties' Philadelphia counsel had no prior connection with this litigation before the A&M Parties retained them to defend against the Trustee's claims.

11. Whether the Bankruptcy Court erred in considering what firms were retained in the Debtors' underlying bankruptcy case in deciding whether the retention of Philadelphia counsel by the A&M Parties was reasonable in defending against the Trustee's claims in this adversary proceeding.

12. Whether the Bankruptcy Court erred in refusing to follow *American Canoe Association v. City of Louisa*, 683 F. Supp. 2d 480 (E.D. Ky. 2010), and in concluding that (a) it was reasonable for the A&M Parties to retain out-of-state counsel at higher billing rates to defend them against the Trustee's claims in the adversary proceeding when Kentucky counsel were willing and able to do so, and therefore (b) it is reasonable to compel the Trustee to pay the higher out-of-state billing rates for the A&M's Parties' Philadelphia attorneys.

13. Whether the Bankruptcy Court erred in failing to provide the fee examiner with sufficient procedures or standards by which to review the A&M Parties' Fees for reasonableness.

>Respectfully submitted,
>
>DINSMORE & SHOHL, LLP
>
>*/s/  Grahmn N. Morgan, Esq.*
>Ellen Arvin Kennedy, Esq.
>Grahmn N. Morgan, Esq.
>250 West Main Street, Suite 1400
>Lexington, KY  40507
>Telephone:  (859) 425-1000
>Fax:  (859) 425-1099
>Email:  ellen.kennedy@dinsmore.com
>           grahmn.morgan@dinsmore.com
>**ATTORNEYS FOR TAFT A. MCKINSTRY,**
>**TRUSTEE OF THE BD UNSECURED**
>**CREDITORS TRUST**

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was served this the 16th day of October, 2013, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

>/s/  *Grahmn N. Morgan, Esq.*
>**ATTORNEY FOR TAFT A. MCKINSTRY,**
>**TRUSTEE OF THE BD UNSECURED**
>**CREDITORS TRUST**

536272v1